UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: Feb 10, 2023

| | |
|---|---|
| **THE HONORABLE ORDER OF KENTUCKY COLONELS, INC.** )<br>**Plaintiff** )<br>)<br>vs. )<br>)<br>**COL. DAVID J. WRIGHT** )<br>**Defendant** )<br>) | Civil Action No. 3:23-cv-00043<br><br>MOTION FOR TIME EXTENSION |

## MOTION FOR TIME EXTENSION

In the case before the Court, Civil Action 3:23-cv-00043, **The Honorable Order of Kentucky Colonels, Inc. *v.* Col. David J. Wright, *et al.*** (representative of the other two Defendants he created, capacitates and controls under Kentucky and US law), comes the Defendant, in *pro se*, **Col. David J. Wright, [author, creator, co-owner** of **KENTUCKY COLONEL™, an unregistrable common-law trademark; owner of a ©1998 first publication of KENTUCKY COLONEL on the Internet;** and **KENTUCKY COLONELCY, the descriptive website title and a blog that is a semantic Creative Commons educational, historical information resource]** to seek an <u>extension of time</u> in filing his response to the new allegations and challenges brought by the Plaintiff to protect the Defendants' civil rights, human rights, customary rights, historical rights and legal civil interests as an Honorable Kentuckian, as a United States Citizen under the First Amendment of the Constitution, laws of the United States, the Commonwealth of Kentucky, and common-law of Old Kentucky. This US District Court is familiar with the Defendant, Col. David J. Wright as a *Pro Se* Defendant and has previously dismissed a similar contentious case on this same matter addressing the same intellectual property from the Public Domain from the same Plaintiff.

1

On February 23, 2021, this Court dismissed Plaintiff, **The Honorable Order of Kentucky Colonels, Inc.'s** complaint with prejudice Case 3:20-cv-00132 and entered an **Agreed Permanent Injunction** [3:20-cv-00132-RGJ-RSE Document 93 Page 2056] protecting the Plaintiff's use of **[KENTUCKY COLONELS®]** as an organization and the Defendant's use of **[KENTUCKY COLONEL™]** as an actual Kentucky Colonel in law. Plaintiff throughout the first calendar year had ample opportunity to object to the new intellectual property creations, developments and uses developed by the Defendant based on Paragraph 5 of Document 93 during 2021 (such as: KyColonelcy.US, KyColonel, Colonels.Net, Colonelcy.Org and Kentucky Colonel Community on Facebook which began in 2007) which were secured and being used prior to or after February 2021, discussed but not resolved or otherwise excluded from the Agreed Permanent Injunction. Pursuant to Document 93 this case was dismissed understanding "all jurisdiction over the matters and types of matters from the case as *dismissed*, that these matters could not supersede the injunction jurisdiction for a period of 10 years" the Defendant understood this to mean **all related matters**. Now, two years later the Plaintiff is attempting to invent new rights from privileges that it is not entitled to, can acquire or through the creative art of legal sophistry to beguile this court. The Plaintiff is not a Kentucky Colonel, it is a corporate entity operated by colonels that has admitted is not connected to government or a governmental entity or a quasi-governmental entity (hundreds of times), the difference is that now the **Defendant identifies with the Unregistered Trademark Symbol TM**. Use of the ™ Symbol in the past would have prevented the previous lawsuit, it should be understandable to the Court that the appropriate use of these special legal symbols and their implementation clearly disambiguate the Plaintiff and the Defendant, without any further dispute.

The majority of this Verified Complaint is based on conflictive claims of intellectual property that the Plaintiff is concocting or imagining which it had knowledge of and opportunity to purchase including our publication rights and/or specifically prohibit during a Court Mediated Settlement, now has broken the Injunction to usurp rights and overreach its reasonable actual authority as a corporation

impersonating in essence a Kentucky Colonel, the human name title. The baseless allegations being made by the Plaintiff are impossibilities that are false, it defies law and logic. Kentucky Colonels as a name, product or trademark is not a Kentucky Colonel.

The purpose of the Agreed Permanent Injunction binds both parties to the literal content of the justice therein and accurately disambiguates the parties and the intellectual property.

Plaintiff brings this action for trademark infringement and unfair competition, arguing Col. David J. Wright and other colonels' repeated "Kentucky Colonel" references to impermissibly trade off Kentucky Colonels® goodwill somehow? But Col. David Wright, as the Defendant maintains he has not used the words in a commercial context or sense that infringes upon The Honorable Order of Kentucky Colonels' trademarks; rather, he and other title owners seek only to legally capitalize themselves through the unique history of their titled property from the Public Domain and the Creative Commons to promote "rights, privileges and responsibilities" guaranteed to each colonel in law by the Commonwealth of Kentucky.

The Plaintiff in this instant case is aggressively and needlessly aggravating and complicating this matter by attempting to subvert the authority of the Agreed Permanent Injunction with excessive padding casting a wide net engaging in an unlicensed fishing expedition in foreign waters in a case that will implicitly enjoin legally commissioned officers. This present case attacks the rights delineated in the agreement attempting to subvert and trump them, it attacks the credible reputations of numerous officers and elected officials of the Commonwealth of Kentucky, it shall cause the alienation and displacement of *Kentucky colonels* (which Plaintiff is not) from their workplaces and in society. By involving the standing order in the new case under many of the same charges seeking the same remedy as previously, after having had accepted a more favorable remedy leaving behind enumerated Intellectual Property Rights that could be disputed again in another Court Mediated Settlement; complicates this case tremendously and will require the mediating Magistrate's Consent to review details of the confidential settlement hearing. This case reflects aggression of a corporation

against an individual, it is nearly identical to the previous and most likely will be resolved identically or at all.

Pursuant to Federal Rule of Civil Procedure 6(b)(1), Defendant respectfully moves this Court for a special extension of time of sixty days (60) or until March 27, 2023 to file an Answer and Affirmative Defenses, move the court to strike claims barred by the Permanent Injunction and/or any another alternative motions such as for a fact-finding hearing based on the contempt charges. The Defendant is also considering filing a legal counterclaim for damages, time, expenses to answer.

Pursuant to Local Civil Rules; Defendants' advisory counsel conferred with Plaintiff's counsel which rejected a briefing schedule focused on the merits of the case within 60 day time frames and mutually waive time warranted by this requested extension, however would not agree as a common courtesy. The request was not unreasonable considering the Plaintiff is aware the Defendant works most of the year outside the United States and is aware of the Defendants relocation plans in February which were announced in December. This Motion to Extend Time to answer and/or prepare our defense is reasonable and based on the following factors, the Defendant offers the following 2-10 reasons as good cause :

1) First, the Parties cannot agree to a proposed briefing schedule related to this case which was made at the good-faith request of Defendant's advisory counsel, Col. Terrence Collingsworth of International Rights Advocates in Washington, DC based merely on the complexity of this case, the number of charges being brought in the new complaint and the fact that it subverts the Agreed Permanent Injunction.

2) Secondly, the Defendant (Col. David J. Wright) works in South America helping isolated Indigenous peoples legally as a "Kentucky Colonel" to establish self-determined governments and courts to reinforce their sovereign rights within their autonomous legal jurisdictions. Indigenous tribal communities are not connected to the Internet yet, so filing and email will

take additional time and effort to communicate with the Defendant beginning February 10, 2023 for two years.

3) Thirdly, there are a number of definitions and factors that must be clarified based on Commonwealth of Kentucky common-law that prevent this case from being brought.

   a) The Plaintiff is known as a Vacated Military Order which is viewed and understood to exist categorized as a "Military & Veterans Organizations Nonprofits and Charities" and the Defendant in this case is a real Kentucky Colonel based on the ideas of "Old Kentucky and Daniel Boone" which the Plaintiff has never realized or withstood during their 90 year, 72 year or 66 year history. The striking dissimilarities can be quickly resolved and understood by any average American high school graduate.

   b) This case challenges the validity, intent and consensual substance of an Agreed Standing Order <u>which is not providing all the protection necessary for the Kentucky Colonel</u> (of the public domain), from which the Plaintiff has derived its name, domain name, trademarks and service marks to create a fictitious brand identity for clothing, as a product name and for marketing other merchandise to create goodwill for their charity; the organization makes the ACTUAL KENTUCKY COLONEL ambiguous with it.  The case challenges and pins down the rights of the Title Name owner against the rights of a corporation that does not own the a title and has disclaimed its semantic actual history. Most likely any dispute or controversy between the Plaintiff and the Defendant can be resolved with an expert legal amendment opinion at the expense of the Plaintiff if required to resolve the dispute.

   c) This case does not acknowledge the source or origin of the Defendants' legal intellectual property or copyrights, further this "Case" is actively violating the Agreed Permanent Injunction through a third-party licensee of an ecommerce storefront occupied by the Plaintiff's trademarks with more than 1023 instant violations since

January 01, 2023, this party "Upper Right Marketing, LLC" must be enjoined or become the actual Plaintiff because it, as an entity is the only party with a claim or capable of suffering damage.

d) This case creates an undue burden for the Defendant organizations without any express interest, claim or facts that acknowledge their activity as a publishing platform, as a Creative Commons network publisher, or that cannot afford legal counsel representation other than through its primary executive officer and founder engaged in his authorship.

e) The Principle Defendant, subject to the finality of the previous lawsuit that was dismissed is engaged in an International Mission to Colombia from Globcal International in the United States that is approved, endorsed and registered with the United Nations Division of Economic and Social Affairs (UN DESA) within the United Nations Sustainable Development Goals Platform; adequate communications with the Defendant until March 21, 2023 will be limited while relocating.

f) Because this case will challenge the popular ideas and mistaken grandiose scheme of the Plaintiff with its name, trademarks, products, and store as dilutive; this Honorable Court needs a legal definition of "What a Kentucky Colonel is?"; the only legal (or legally acceptable, that is not Defendant's or Plaintiff's own) definition of a Kentucky Colonel from the accepted and most widely used KENTUCKY ENCYCLOPEDIA by John E. Kleber (1992), published by the University of Kentucky Press, a copy of this book is within the US District Court Library and on many of the judges personal bookshelves, there are several editions. (Exhibit 1)

> **KENTUCKY COLONEL.** The honorary title of Kentucky Colonel is conferred by the governor in recognition of a deed or service that merits recognition. The title originated in Kentucky's early days, when the citizenry maintained a volunteer state militia, and some of its officers were commissioned colonels. Colonels were uniformed members of a governor's staff. Even when the need for a civilian militia waned, governors continued to grant commissions and the military title came to be associated with civil honor and distinction. The Kentucky Colonel has come to represent the daring, glamour, dignity, wit, charm, and attraction of outstanding men who have claimed the title—the stereotype of a southern gentleman. Artistic renderings of the Colonel differ, but generally include a moustache, a goatee, a string-tie and a white frock coat. This image has frequently been used to promote Kentucky, especially as a tourist center.

g) This is a case that from the start challenges irrefutable historical fact and common-law that remains from Kentucky history that will need to be established to determine the common-law legal **"rights, privileges and responsibilities"** of a Kentucky Colonel under Kentucky Law and the different versions of commissioning documents that have been issued by the head-of-state for the Kentucky County jurisdiction which began on January 01, 1777 and then the Commonwealth of Kentucky jurisdiction in 1792.

h) At some stage of this case another settlement will once again be required to resolve this dispute diplomatically, it is clear from the Plaintiff's actions that it is not following any legal guidelines and all attempts to resolve the dispute will automatically cause a controversy because the Defendant must call for the cancellation of the Plaintiff's nine (9) identical trade and service marks because they clearly dilute the Kentucky Colonel, infringe on the borrowed use of the individual Defendants' legal title, are misdescriptive and suggest a false designation of origin; the purposes of the Plaintiff cannot be admitted if they defy the Kentucky Colonel Commission which they do;

    therefore other clear definitions must be realized by the Parties and acknowledged by this Court.

4) The Plaintiff will not recover any damages and its complaint does not consider the high costs of the court's intervention in a case that fails to properly and legally identify their nine identical marks with an ® under 15 U.S. Code § 1111 - Notice of registration; display with mark; recovery of profits and damages in infringement suit, which makes the charges in themselves baseless resulting in another zero dollar settlement. The Plaintiff has lashed out to protect its marks on numerous occasions, but does not properly protect the trademarks it has created with any statutory notice properly on the website.

5) The Plaintiff cannot make a Kentucky Colonel, does not represent the Office of the Kentucky Colonelcy, cannot be Kentucky colonelled, has never gone Kentucky colonelling, and does not have the authority to navigate a Kentucky colonelship like a human can because it would violate Section 1 of the Fourteenth Amendment. It remains questionable if the Plaintiff has any legal authority or an adequate qualm to make its allegations and claims based on their name or trademarks that are represented as legal fiction.

In Kentucky, colonel history abounds, and every company with traditional values wants to capture a piece of it. In this case, both Col. David Wright and HOKC want to share in Kentucky Colonel's striking story, and the law allows both parties to do so. HOKC's trademark rights in the KENTUCKY COLONELS name provide the party with certain legal protections. And now, Col. David Wright's KENTUCKY COLONEL background and origin story offers some historically-based advantages. As the Court has made clear in the previous case, Col. David J. Wright may not use Plaintiff's trademarks in non-commercial charitable marketing efforts. But Defendant's references to date have not infringed on Plaintiff's marks, and a resolution is appropriate to avert controversy.

## GOOD CAUSE FOR TIME EXTENSION

Defendant respectfully submits that good cause exists to extend the time limit of 21 days to an initial response time of 60-90 days, or until at least March 29, 2023 while the Defendant (currently a traveler) exercises his international human rights to migration, habitat and settlement. See Fed. R. Civ. P. 6(b)(1) (the Court may for good cause grant requests for time extension made before the original time expires). The requested extension will provide sufficient time for Defendant to consider all of the legal options to resolve the complaint and consider any necessary processes with respect to filing an Amendment to the resolute Agreed Permanent Injunction defining the best practices of both parties registered and unregistered trademark use as well as delineate the rights of the parties by a neutral arbiter. Further, the parties may agree to a schedule for a response to an amended complaint and any necessary briefing thereafter as described above in a very complex case. The modest extensions requested will not burden or prejudice Defendant, Plaintiff or any third parties, and are consistent with the just, speedy, and inexpensive determination of this action. See Fed. R. Civ. P. 1.

For the foregoing reasons, Defendant respectfully requests that the Court grant this motion.

Puerto Carreño, Colombia
Dated: February 10, 2023

Col. David J. Wright,
Kentucky Colonel™
david.wright@globcal.net
+1 (859) 379-8277

**Certificate of Service**

I hereby certify that on February 10, 2023, I emailed for filing the foregoing motion with attachments to the Clerk of the Court for the United States District Court of the Western District of Kentucky using the special Pro Se Intake Email per General Orders 20-04 and 20-11 for entry to the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Clerk's Office
601 W. Broadway, Rm 106
Gene Snyder United States Courthouse
Louisville, KY 40202

*Col. David J. Wright*