UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.,                                                Plaintiff,

v.                                                Civil Action No. 3:23-cv-43-RGJ

GLOBCAL INTERNATIONAL et al.,                                 Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff The Honorable Order of the Kentucky Colonels, Inc.'s ("HOKC") Request for Entry of Default [DE 10], Motion for Leave to File Memorandum in Excess of the Page Limit [DE 11], Motion for Temporary Restraining Order and Preliminary Injunction [DE 12], and Motion for Leave to Request Documents Prior to Rule 26(f) Conference [DE 13].  Defendant David J. Wright ("Wright"), pro se, responded to these filings and requested "Consent to Stay Pre-Answer Response Filings."  [DE 14; DE 15].  HOKC replied.  [DE 16]. Wright also moved to "Take Judicial Notice of Adjudicative Facts" and moved to dismiss the verified complaint.  [DE 17; DE 18].  For the reasons below, HOKC's Motion for Leave [DE 11] is **GRANTED** and its motion for Temporary Restraining Order and Preliminary Injunction [DE 12] is **DENIED without prejudice**.

I.        **BACKGROUND**

In an earlier related case, the Court granted HOKC an agreed permanent injunction against Global International, Ecology Crossroads Cooperative Foundation, Inc. ("Ecology Crossroads,"

1

together the "Corporate Defendants"), Wright (collectively, "Defendants")[1], and anyone acting on their behalf, from using the KENTUCKY COLONELS and any confusingly similar trademark. *Honorable Ord. of Kentucky Colonels, Inc. v. Kentucky Colonels Int'l*, No. 3:20-CV-132-RGJ (W.D. Ky. Feb. 23, 2021) (hereinafter "*Kentucky Colonels I*") (DE 93, order granting permanent injunction ("Permanent Injunction Order")). Under the Permanent Injunction Order, the Court retained jurisdiction over the case to enforce the Permanent Injunction Order and terms of the Settlement Agreement. *Id.*

HOKC now sues Defendants again for one count of civil contempt, four counts of various federal trademark infringement, one count anticybersquatting, and three counts of various common law trademark infringement. [DE 1 at 26-34]. Wright as an individual is proceeding pro se. [DE 6]. There has been no entry of appearance on behalf of the Corporate Defendants.

## II. DISCUSSION

### 1. HOKC's Motion for Leave to File Memorandum in Excess of the Page Limit [DE 11].

HOKC moves for leave to file its Motion for Temporary Restraining Order and Preliminary Injunction in excess of the page limit set forth in the Local Rules. [DE 11]. Local Rule ("LR") 7.1(d) provides that "[m]otions and responses may not exceed 25 pages without leave of Court." HOKC argues that although it exceeds the page limit by seven pages, the nature and substance require this length of filing. [DE 11].

"The interpretation and application of local rules 'are matters within the district court's discretion.'" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (quoting *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 714 (6th Cir. 2006)); *see also Barnaby v. Witkowski*, 758 F. App'x 431,

---

[1] The agreed permanent injunction order also included Kentucky Colonels International, another of Wright's entities.

435 (6th Cir. 2018)(citing same). Because the court finds no prejudice to the Defendants by the HOKC exceeding of the page limit imposed by LR 7.1(d) and the Court finds the requested additional pages reasonable, the motion is **GRANTED**.

### 2. HOKC's Motion for Temporary Restraining Order and Preliminary Injunction [DE 12].

HOKC moves the Court for a Temporary Restraining Order and Preliminary Injunction. [DE 12]. HOKC argues that Wright is infringing on its KENTUCKY COLONELS trademark through his operation of a "competing organization" called "Kentucky Colonel$^{TM}$." [*Id.* at 670-700]. HOKC asks the Court to issue a temporary restraining order enjoining Defendants from this and other confusingly similar marks and activity because they are violating the Court's Permanent Injunction Order.[2] [*Id.*]. The Permanent Injunction Order states:

1. Defendants and anyone acting on their behalf, including their owners, members, officers, agents, contractors, employees, attorneys, and any other persons in active concert or participation with Defendants, are permanently enjoined and prohibited from using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION, on or in connection with the sale of any goods or service including, but not limited to, the solicitation of charitable donations and the promotion of charitable and philanthropic causes.

2. Defendants and anyone acting on their behalf, including their owners, members, officers, agents, contractors, employees, attorneys, and any other person in active concert or participation with Defendants, are permanently enjoined and prohibited from using the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONELS FOUNDATION, on any website, social media page, or blog in such a way as is likely to cause consumers to be confused, mistaken, or deceived into believing that HOKC has sponsored, sanctioned, approved, licensed, or is any way affiliated with Defendants or any organization or cause sponsored or supported by Defendants.

---

[2] HOKC's Complaint itself is "an action for civil contempt of the Agreed Permanent Injunction entered by this Court." [DE 1 at 2].

3. Defendants and anyone acting on their behalf, including their owners, members, officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, are permanently enjoined and prohibited from using the domain names [kycolonels.international], [kentucky.colonels.net], or any other domain name that is confusingly similar to [kycolonels.org], or any domain name that incorporates the KENTUCKY COLONELS Mark, or any mark that is confusingly similar to the KENTUCKY COLONELS Mark, including, but not limited to, KENTUCKY COLONELS INTERNATIONAL and KENTUCKY COLONEL FOUNDATION.

4. Defendants and anyone acting on their behalf, including their owners, members, officers, agents, contractors, employees, attorneys, and any other persons in active concert or participation with Defendants, are permanently enjoined and prohibited from using Facebook or any other social media platform usernames "Kentucky Colonels International" or "Kentucky Colonel Foundation" or any other username or handle that is confusingly similar to the trademark KENTUCKY COLONELS for the purposes of forming a membership organization, a civil society association or other non-commercial activity such as an event or charitable fundraising endeavor.

[*Kentucky Colonels I*, DE 93, Permanent Injunction Order].

Although HOKC requests a temporary restraining order and preliminary injunction, the Permanent Injunction Order already permanently enjoins Defendants from using any mark that is confusingly similar to the KENTUCKY COLONELS mark. The requested Temporary Restraining Order and Preliminary Injunction would be nearly entirely duplicative of the Permanent Injunction Order already entered. In his response, Wright argues that "the sole issue here is whether Defendant[s'] [sic] violated [the Permanent I]njunction" Order. [DE 14 at 1225-26]. The Court agrees. As HOKC is seeking enforcement of the Court's Permanent Injunction Order from *Kentucky Colonels I*, the Court **DENIES as MOOT** HOKC's motion for Temporary Restraining Order and Preliminary Injunction [DE 12].

The Court interprets HOKC's motion for a temporary restraining order and preliminary injunction [DE 12] as a motion to hold Defendants in contempt of the Court's Permanent Injunction Order. As this is an enforcement of the Permanent Injunction Order in *Kentucky*

4

*Colonels I*, the Court directs the Clerk of Court to reopen *Honorable Ord. of Kentucky Colonels, Inc. v. Kentucky Colonels Int'l*, No. 3:20-CV-132-RGJ and refile all motions and documents related to this request [DE 1; DE 10; DE 12; DE 13; DE 14; DE 16; DE 17; DE 18] in that action.

Given the nature of HOKC's motion, the Court **ORDERS** the parties to appear for a hearing to show cause why this action should not be dismissed in favor of enforcing the Permanent Injunction Order in *Kentucky Colonels I*. Upon the Clerk reopening *Kentucky Colonels I*, the Court will issue a separate order scheduling a contempt hearing.

### III.   CONCLUSION

**IT IS ORDERED** as follows:

1. HOKC'S Motion for Leave to File Memorandum in Excess of the Page Limit [DE 11] is **GRANTED**;

2. HOKC's Motion for Temporary Restraining Order and Preliminary Injunction [DE 12] is **DENIED as MOOT**;

3. The Court directs the Clerk of Court to reopen Kentucky Colonels I, *The Honorable Ord. of Kentucky Colonels, Inc. v. Kentucky Colonels Int'l*, Case No. 3:20-CV-132-RGJ (W.D. Ky. 2020) and to refile the motions and documents from this case [DE 1; DE 10; DE 12; DE 13; DE 14; DE 16; DE 17; DE 18] in the reopened case and HOKC's Motion for Temporary Restraining Order and Preliminary Injunction [DE 12] will be addressed in that action as a motion to enforce the Permanent Injunction Order [*Kentucky Colonels I*, DE 93];

4. The parties are **ORDERED** to appear for a show cause hearing before the Honorable Rebecca Grady Jennings on **April 25, 2023 at 11:00 a.m**. at the Gene Snyder U.S. Courthouse, Louisville, Kentucky, as to why this action should not be dismissed.

Rebecca Grady Jennings, District Judge
United States District Court

March 30, 2023

Cc: Counsel of record
Defendant, pro se