UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.,                                                                Plaintiff,

v.                                                                                  Civil Action No. 3:23-cv-43-RGJ

GLOBCAL INTERNATIONAL et al.,                                                           Defendants

* * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiff The Honorable Order of the Kentucky Colonels, Inc.'s ("HOKC") moved for Temporary Restraining Order and Preliminary Injunction [DE 12], for Entry of Default [DE 10], and for leave to Request Documents Prior to the Rule 26(f) Conference. Defendant David J. Wright ("Wright"), pro se, responded to these filings [DE 14] and moved the Court to Stay Pre-Answer Response Filings [DE 15], to take Judicial Notice of Adjudicative Facts [DE 17], and to dismiss the complaint [DE 18]. HOKC responded to the motion to stay. [DE 16]. These matters are ripe.

For the reasons below, pending motions [DE 10; DE 13; DE 15; DE 17; DE 18] are **DENIED as MOOT** and the Complaint [DE 1] is **DISMISSED**.

**I.     BACKGROUND**

In an earlier related case, the Court granted HOKC an agreed permanent injunction against Global International, Ecology Crossroads Cooperative Foundation, Inc. ("Ecology Crossroads," together the "Corporate Defendants"), Wright (collectively, "Defendants")[1], and anyone acting on

---

[1] The agreed permanent injunction order also included Kentucky Colonels International, another of Wright's entities.

1

their behalf, from using the KENTUCKY COLONELS and any confusingly similar trademark. *Honorable Ord. of Kentucky Colonels, Inc. v. Kentucky Colonels Int'l*, No. 3:20-CV-132-RGJ (W.D. Ky. Feb. 23, 2021) (hereinafter "*Kentucky Colonels I*") (DE 93, order granting permanent injunction ("Permanent Injunction Order")). Under the Permanent Injunction Order, the Court retained jurisdiction over the case to enforce the Permanent Injunction Order and terms of the Settlement Agreement. *Id.*

HOKC now sues Defendants again for one count of civil contempt, four counts of various federal trademark infringement, one count anticybersquatting, and three counts of various common law trademark infringement. [DE 1 at 26-34]. Wright as an individual is proceeding pro se. [DE 6]. There has been no entry of appearance on behalf of the Corporate Defendants. The Court ordered a hearing and ordered HOKC to show cause why this case should not be dismissed in favor of enforcing the Agreed Permanent Injunction Order in *Kentucky Colonels I*. [*Id.*].

## II.     DISCUSSION

The parties agreed that the purpose of this case is to enforce the Court's Agreed Permanent Injunction Order. [*See* DE 14; *Kentucky Colonels I* DE 121; DE 122; DE 126]. In a post-hearing filing in *Kentucky Colonels I*, HOKC argues for the survival of the claims against "Unknown Defendants," who "are individual employees, agents, owners, officers, or directors of Defendants Ecology Crossroads or Globcal who have transacted business, engaged in conduct, or otherwise participated in the activities described in" HOKC's Complaint. [DE 1 at 3]. These Defendants are already enjoined under the Agreed Permanent Injunction Order pursuant to this Court's Order in *Kentucky Colonels I*. [*Kentucky Colonels I* DE 93; DE 129]. HOKC describes "new allegations of misconduct and the potential participation in those activities by new parties." [*Kentucky Colonels I* DE 126 at 3690]. Although HOKC argues it has a claim against Unknown Defendants,

it fails to describe specific conduct separate from Wright and the Corporate Defendants. [*See* DE 1]; *see Root v. Jones*, No. 1:22-CV-240, 2022 WL 1681720, at *2 (W.D. Mich. May 26, 2022) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal" (citing *Twombly*, 550 U.S. at 544; *and Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004)).

The Court ordered HOKC to show cause as to why this action should not be dismissed. [DE 19 at 1313]. HOKC did not address this at the evidentiary hearing held in April and the parties have filed nothing in this case since the Court's show cause order.

Thus the Court considers the infringement described in the Complaint under enforcement of the Agreed Permanent Injunction Order in *Kentucky Colonels I*. The Court **DISMISSES** the Complaint in this action and **DENIES as MOOT** the remaining motions.

### III. CONCLUSION

**IT IS ORDERED** as follows:

1. The Complaint [DE 1] is **DISMISSED** in favor of resolution of the permanent injunction order in case number 3:20-cv-132;

2. All pending motions [DE 10; DE 13; DE 15; DE 17; DE 18] are **DENIED as MOOT**.

Rebecca Grady Jennings, District Judge
United States District Court

August 16, 2023

Cc: Counsel of record
    Plaintiff, pro se